**M. Orlando BOHLEN, Administrator of the Estate of Virginia A. Bohlen, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 80–3186.**

United States District Court, C.D. Illinois, Springfield Division.

Dec. 18, 1985.

Philip H. Corboy, Chicago, Ill., Thomas Londrigan, Springfield, Ill., for plaintiff.

Jim Lewis, Asst. U.S. Atty., Springfield, Ill., Jeffrey Axelrad, Roger Einerson, U.S. Dept. of Justice, Washington, D.C., for defendant.

## FINAL OPINION

MILLS, District Judge.

Courts universally look upon settlements with great favor and encourage their use since it is a peaceable resolution of a dispute arrived at by mutual and voluntary agreement. The cases so holding are myriad.

But the settlement here—regrettably—cannot be enforced since one of the parties to the agreement was not cloaked with adequate authority to bind his client.

Plaintiff asks the Court to enforce a settlement agreement which Defendant denies ever existed. The underlying cause of action alleges a wrongful death resulting from a swine flue vaccine administered in accordance with the National Swine Flu Immunization Program Act, 42 U.S.C. § 247b(j).

In preparation for trial, counsel for Plaintiff, Mr. Thomas F. Londrigan, and counsel for the Government, Assistant United States Attorney James A. Lewis, discussed a possible settlement of the claim. Plaintiff's counsel insists that the Assistant U.S. Attorney agreed to a settlement. The motion to enforce the alleged settlement does not, however, allege that any other official of the United States Department of Justice approved the claimed compromise. Without wading into the conflicting factual allegations, the Court has determined that an Assistant United States Attorney has no authority to settle claims and that any agreement which may have been reached between Mr. Londrigan and Mr. Lewis is unenforceable as a matter of law. Thus, for the purpose of considering Plaintiff's "Motion to Enforce", the Court accepts Plaintiff's allegations as true but finds no enforceable settlement agreement.

Plaintiff brings this suit pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, *et seq.* Congress has created a method for adjudicating claims against the United States which sound in tort. 28 U.S.C. § 2677–2680 (entitled Tort Claims Procedure). The Tort Claims Procedure specifically provides for the settlement of claims. 28 U.S.C. § 2677. This settlement procedure is exclusive. *United States v. Reilly*, 385 F.2d 225, 229 (10th Cir.1967). ("[W]here Congress has set out a statutory procedure for the compromise of matters involving the United States, it implicitly negatives the use of any other procedure.")

The statutory authority for settlement of tort claims reads: "The Attorney General or his designee may arbitrate, compromise, or settle any claim cognizable under section 1346(b) of this title, after the commencement of an action thereon." 28 U.S.C. § 2677. By administrative directive, the Attorney General has delegated his authority to compromise cases to his deputies, assistants, branch directors and, in special circumstances, U.S. Attorneys and Assistant U.S. Attorneys. Part O—Organization of the Department of Justice, Subpart Y—Authority to Compromise and Close Civil Claims, and Appendix to Subpart Y. 28 C.F.R. Ch. 1, § 0.160 *et seq.*

With respect to United States Attorneys and their assistants, the Attorney General's directive specifically provides:

> ... Attorneys-in-Charge of field offices are authorized to:
>
> \*   \*   \*   \*   \*   \*
>
> (2) Accept or reject offers to compromise cases and close claims which have been directly referred or delegated to them by the Civil Division, as set forth in sections 4(a) and (b) of this directive, in the same manner and to the same extent as Branch and Office Directors, except that United States Attorneys and Attorneys-in-Charge of field offices cannot accept or reject any offers in compromise of any claim or case against the United States where the principal amount of the proposed settlement exceeds $100,000. Nor can United States Attorneys or Attorneys-in-Charge of field offices close (other than by compromise or by entry of judgment) any claim or case on behalf of the United States where the gross amount involved exceeds $100,000, or accept or reject any offers in compromise of any such claim or case in which the difference between the gross amount of the original claim and the proposed settlement exceeds $100,000 or 10 percent of the original claim, whichever is greater. United States Attorneys may redelegate this authority to Assistant United States Attorneys who *supervise* other Assistant United States Attorneys who handle civil litigation.

28 C.F.R. Ch. 1, Part O, Subpart Y, Appendix, Directive No. 145–81 § 1(c) (emphasis added). Thus, United States Attorneys have authority to compromise those claims that have been specifically referred to them. This authority to compromise may be delegated to Assistant United States Attorneys "who supervise other United States Attorneys who handle civil litigation." *Id.* at c(2).

In the case at bench, the record is totally devoid of any indication that the Assistant United States Attorney assigned to this matter was cloaked with either supervisory authority or responsibility.

*Ergo*, the Assistant United States Attorney here could not have been delegated any authority to settle Plaintiff's claim since he was not acting in any supervisory capacity. In the absence of any cognizable delegated authority, the AUSA could not have entered into an enforceable settlement agreement. *Accord United States v. Kates*, 419 F.Supp. 846, 858 (E.D.Pa.1976).

A settlement entered upon by an agent of the Government who, lacking actual authority, appears to have authority is, nonetheless, void. See *Schweiker v. Hansen*, 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981); *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *United States v. 32.40 Acres of Land, More or Less*, 614 F.2d 108 (6th Cir.1980). The federal government cannot be bound by the unauthorized acts of its agents.

Plaintiff's motion to enforce a settlement agreement is DENIED.